## Frances Mary Wellman, Appellant, v. Wayne Paige Wellman, Appellee.

### Gen. No. 20,315.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed February 24, 1915.

### Statement of the Case.

Bill of Frances Mary Wellman against Wayne Paige Wellman for divorce and alimony on the ground of extreme and repeated cruelty. A jury, demanded by the complainant, returned a verdict finding defendant not guilty. From the verdict and decree in favor of defendant, complainant appeals.

CARL A. WALDRON and ARCHIBALD CATTELL, for appellant.

EDWARD MAHER and ARTHUR A. HOUSE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 41*—*admissibility of specific acts of cruelty under general allegation.* In an action for divorce on the ground of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cruelty, where the trial court by its rulings required the complainant to confine her proof and testimony strictly to the dates specifically alleged in her amended bill and refused to allow her to put any testimony under a general allegation 'of acts of cruelty alleged to have been committed by the defendant from September 7th to the middle of October, 1912, *held* this was material error since the rule as to proof of general allegations of acts of cruelty in a bill for divorce, while they should be alleged with reasonable certainty as to time and place, does not require the exact date and place of each particular act to be alleged, and when the conduct complained of is continued and not confined to any particular time or locality the specific allegation of time and place is impracticable and not required.

2.  DIVORCE, § 41*—*admissibility of specific acts of cruelty to give color to acts charged.*  In an action for divorce and alimony on the ground of cruelty, wherever there is a general allegation of divers acts of cruelty at other times than those specifically mentioned, evidence is permissible to supplement the evidence produced under the specific allegations, to give color to the acts charged and to inform the court or the jury of the general conduct of the parties and their duty towards each other.

3.  DIVORCE, § 36*—*abuse of court's discretion in denying amendment to bill.*  While the right to amend a verified bill for divorce does not exist as a matter of course, still where the complainant presents an amendment that appears to be germane to the original bill with an affidavit giving a reasonable excuse why such matter was not inserted in the first instance, equity will favor such an amendment even on the hearing, provided it is not inconsistent with the original pleadings and does not entitle the complainant to a different sort of relief, the court's refusal to grant such an amendment constituting an abuse of its discretion, reviewable upon appeal.

4.  DIVORCE, § 36*—*where refusal to permit amendment to bill at trial constitutes reversible error.*  Where the trial court refused the complainant leave to amend her amended bill for divorce on the ground of cruelty, during the trial, by setting up an act of cruelty committed on a specific date by defendant, *held* erroneous under the facts and circumstances set forth in the affidavits presented and filed in support of the motion, where it also appeared that the court permitted the defendant and his mother and father to testify to a quarrel that occurred on that day and counsel for complainant attempted to cross-examine as to occurrences on that day, but the court denied him the right because the date was not specifically set out in the amended bill, such rulings serving to emphasize and make

more grievous the court's error in refusing the complainant leave to amend her bill and to set up the act of cruelty that occurred on that date.

5.  TRIAL, § 46*—*where remarks of court tending to influence verdict.* Where a statement of the court in the presence of a jury of what occurred in chambers in an effort of the court to obtain a reconciliation of the parties in a case for a divorce after the case had been on hearing before the jury during the day and the testimony of the complainant had been delivered, tended to convey to the jury that the impression that in view of the court complainant had failed to make out her case and that she ought not to litigate further but be reconciled to her husband, *held* prejudicially erroneous since the jury having been thus informed of the view the court took of the alleged act of cruelty might be led to take the view, which they evidently did take, that the actual cruelty shown by complainant's testimony was too trivial to become the basis for a divorce and the parties ought to become reconciled and live together as husband and wife, the jury ordinarily attaching much importance to the remarks and opinions of the court.

6.  TRIAL, § 45*—*effect of court's expression of opinion in divorce proceeding.* In an action for divorce on the ground of cruelty it is important that no act or expression of opinion of the court should be allowed to come to their knowledge regarding the merits of the controversy on the trial before them.

7.  TRIAL, § 136*—*effect of counsel's comment on matters not in evidence.* In an action for divorce and alimony where counsel in his closing argument to the jury for defendant, over objection by complainant, was permitted by the trial court to comment on the action of the complainant during the selection of the jury in excluding from the jury all jurors except one of a certain religious faith, naming it, *held* such action of the court constituted error, since that question was not before the jury for consideration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.